**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

DERECK VAUGHN-CLARK,                    *

Petitioner                              *

v                                       *          Civil Action No. PX-20-2720

WARDEN OF PRINCE GEORGE'S               *
  COUNTY CORRECTIONAL CENTER,
                                        *
Respondent

                                    ***

<u>**MEMORANDUM OPINION**</u>

On September 12, 2020, the Court received correspondence from Dereck Vaughn-Clark alleging that he is illegally detained in Prince George's County Correctional Center ("PGCCC") and seeks dismissal of the alleged defective state-court indictment.  ECF No. 1.  The pleading, liberally construed is properly viewed as a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254.  ECF No. 6.  On February 26, 2021, Respondent answered the Petition, arguing for dismissal without prejudice because the claims are unexhausted.  ECF No. 12.  Although Vaughn-Clark was given the opportunity to respond, he has not done so.[1]  For the reasons set forth below, the Petition will be DISMISSED without prejudice.

**I.      Background**

On September 17, 2019, Vaughn was indicted in Prince George's County Circuit Court for murder and use of a handgun.  *State v. Vaughn-Clark*, Case No. CT-19-0949X (Cir. Ct. Pr. George's Cnty); ECF Nos. 12-1, 12-2.  He is currently being held without bond at PGCCC with trial scheduled to begin on August 23, 2021.  *See* ECF No. 12-1 at 2.

---

[1] In correspondence received by the Court on April 19, 2021, Petitioner indicated that he did not receive a copy of Respondent's answer.  ECF No. 14.  The Court promptly sent a copy of the answer the following day.

The Petition alleges that the State "did not have a grand jury hearing" in advance of handing down the indictment against him, and as relief, requests "dismissal of the defective indictment for prosecutorial misconduct." ECF No. 1-2 at 2. Vaughn-Clark specifically avers that the Circuit Court has failed to act on his pro se motion to compel production of grand jury transcripts necessary to "see what evidence was given," so that he may determine whether his arrest was supported by probable cause; he also wants the transcripts for potential impeachment of a trial witness. ECF No. 4. He asks this Court to compel release of the grand jury transcripts or, alternatively, to order dismissal of the indictment. *Id.*

## II.     Discussion

Respondent argues that the Petition should be dismissed because Petitioner has not exhausted his claims in state court and his criminal case is still pending. ECF No. 12. The Court agrees.

Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). *See* 28 U.S.C. § 2254(b) and (c). Exhaustion requires that the Petitioner fairly present both the operative facts and controlling legal principles of each claim to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Special circumstances justifying this Court's intervention do not exist where there are state court procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if

petitioner went to trial); s*ee also Younger v. Harris*, 401 U.S. 37 (1971).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

The Petition squarely concerns matters that are within the province of the state courts. Where, as here, trial on the merits has not taken place, Petitioner is free to raise the claims brought in the Petition before the state courts.  Thus, the Petition, which is premature, must be dismissed without prejudice.[2]

### III.    Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court declines to issue a certificate of appealability because Petitioner has not made the requisite showing.

### IV.    Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be dismissed without prejudice.  The Court declines to issue a Certificate of Appealability.

---

[2] Alternatively, to the extent Petitioner asks this Court to compel the State to release of the grand jury transcripts or dismiss the indictment, his request is akin to a petition for a writ of mandamus, which this Court cannot grant.  *See* 28 U.S.C. § 1361.  Under 28 U.S.C. § 1361, a federal court maintains original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  By contrast, this Court has no mandamus jurisdiction over county or state employees.  *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

A separate Order shall issue.

| | |
|---|---|
| _____6/11/21_____ | _____/S/_____ |
| Date | Paula Xinis |
| | United States District Judge |